IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| PATRICK ERIC CAIL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 605-041 |
| ) | |
| HUGH SMITH, Warden; THURBERT E. ) | |
| BAKER, Attorney General of the State of ) | |
| Georgia, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the captioned case pursuant to 28 U.S.C. § 2254. The matter is before the Court on Respondents' motions: 1) to dismiss Respondent Baker as an improper party respondent (doc. no. 4), and 2) to dismiss Petitioner's petition for lack of exhaustion of state remedies or, in the alternative, to "hold [the] petition in abeyance pending completion of the exhaustion process" (doc. no. 9, p. 3). For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss Respondent Baker be **GRANTED**, and that the motion to dismiss Petitioner's petition for failure to exhaust state court remedies be **DENIED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in the Superior Court of Tattnall County, Georgia, Petitioner

was convicted of aggravated assault on November 30, 1995.[1] Resp.'s Exs. 1, 2. Petitioner then filed a motion for new trial on December 29, 1995; hearings on this motion were set for November 2001 and March 2003, but Respondents concede that no ruling on the motion has been issued and the motion remains pending. (Id.; see also doc. no. 10, p. 2). Accordingly, Petitioner has not yet been able to pursue any direct appeal of his conviction and sentence.[2]

Frustrated with the lack of progress in his case, on October 22, 2002, Petitioner filed a state habeas petition in the Superior Court of Tattnall County. Resp.'s Ex. 3. Hearings on the state petition were held on January 22, 2003, and March 26, 2003.[3] Id. During the January 2003 hearing, the state habeas court issued an oral ruling that the petition would be stayed until March 26, 2003, when Petitioner's trial court could take up both the motion for new trial and the habeas petition. Id. Respondents concede that no written ruling has been entered regarding Petitioner's state habeas case or his motion for new trial. (Doc. no. 10, p. 2). Nor do Respondents provide any facts from which to conclude that any significant progress has been made in Petitioner's case or that a ruling is imminent.

Notwithstanding this inexplicable delay in ruling on Petitioner's motion for new trial

---

[1] It should be noted that Petitioner has been incarcerated since 1989 pursuant to convictions in the Superior Court of Lowndes County, Georgia, for aggravated assault and possession of a firearm during the commission of a crime. See Cail v. State, 194 Ga. App. 584, 391 S.E.2d 444 (1990). At his 1995 trial, Petitioner and a co-defendant were convicted of assaulting another inmate at the Georgia State Prison, in Reidsville, Georgia with a metal shank. See Resp.'s Ex. 2. Following his 1995 conviction, Petitioner was sentenced to nine years of imprisonment, to be served "consecutive to" his 1989 sentences. Id.

[2] It should also be noted that the trial court appointed counsel to represent Petitioner on appeal. Id.

[3] Respondents have provided a transcript of only the January 22, 2003, hearing (see Resp.'s Ex. 4), and aver that the transcript of the March 26, 2003 hearing is unavailable because it "has not yet been prepared." (Doc. no. 10, p. 2).

and his other post-conviction filings in state court, Respondents now urge the Court to dismiss the instant federal petition for failure to exhaust state court remedies, or else to "hold [the] petition in abeyance pending completion of the exhaustion process." (Id.). Simply put, Respondents maintain that the interests of comity require the Court to give the Georgia courts a "fair opportunity" to act on Petitioner's claims before hearing Petitioner's case. (Id. at 6). In addition, Respondents submit that Respondent Baker should be dismissed in any event as an improper party to the case. (See doc. no. 4).

In the instant federal petition, Petitioner maintains: 1) he has received ineffective assistance of trial and appellate counsel regarding his 1995 conviction; 2) he has been deprived of his right to an appeal; 3) the trial court committed numerous errors; and 4) the evidence was insufficient to support his conviction. (Doc. no. 1, pp. 2-9). Also, in response to Respondents' motion to dismiss, Petitioner further explains his difficulty in getting appointed counsel to pursue his appeal, and his concomitant difficulty in getting the Georgia courts to hear his case. (Doc. no. 13-1, pp. 4-6). Petitioner also avers that the interests of justice require the Court to hold an evidentiary hearing and consider the merits of the instant petition. (Id. at 6-7). According to Petitioner, the State's inaction in regard to his post-conviction applications demonstrates that no corrective process is truly available in the Georgia courts and necessitates federal action. (See generally id.).

The Court resolves the matter as follows.

## II. DISCUSSION

A.  **Motion to Dismiss for Failure to Exhaust**

The instant case presents a deplorable situation. Petitioner has been waiting for more

than nine years for a ruling on his motion for new trial. Sadly, the Court must note that interminable delays in ruling on post-conviction motions are not unheard of in the Georgia courts. See Spradlin v. State, 262 Ga. App. 897, 900, 587 S.E.2d 155, 159 (2003)(thirteen year delay between filing of motion for new trial and ruling); Stone v. State, 257 Ga. App. 306, 307, 570 S.E.2d 715, 716-717 (2002)(ten year delay in ruling on motion for new trial). Also of great concern, Petitioner's filing of a state habeas petition in 2002 has had no discernible impact upon the resolution of his motion for new trial and thus the progress of his appeal. Simply put, Petitioner has been effectively denied any appellate or collateral review of his conviction in state court. Of course, Respondents now argue that the State is "alerted . . .to [Petitioner's] plight" and that this Court should give "the state court an opportunity to 'mend its own fences.'" (Doc. no. 10, p. 6).

It is true that a state prisoner's failure to exhaust his remedies in state court will usually result in the automatic dismissal of his federal habeas petition. See 28 U.S.C. § 2254(b) & (c). But this is not always true. First, the Court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2); see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). The State may also explicitly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Finally, of most interest here, the Court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

4

The Eleventh Circuit has long recognized that the exhaustion requirement (a judicial doctrine well before it was codified in § 2254) should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollins v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991). As Respondents admit, "[t]he longstanding exhaustion requirement is not jurisdictional, but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." Morris v. Dretke, 413 F.3d 484, 490-91 (5th Cir. 2005); see also Maharaj v. Secretary for Dep't of Corrections, 304 F.3d 1345, 1349 (11th Cir. 2002). Thus, the question is not one of judicial authority, but the wise exercise of equitable discretion. Houston v. Estelle, 569 F.2d 372, 375 (5th Cir. 1978).[4] In this regard, it should be recognized that "exhaustion refers to remedies, not to petitioners." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972). Of course, this is not to say that the exhaustion requirement can be cast aside lightly. See, e.g., Parker v. Kelchner, 429 F.3d 58, 62 (3d Cir. 2005)(quoting Rutherford v. Neet, 149 F.3d 1191, 1191 (10th Cir. 1998)("The exhaustion requirement is not one to be overlooked lightly.").

In the past, this Court has dismissed unexhausted petitions brought in federal court despite significant delays in the state appellate process. For example, this Court recently dismissed an unexhausted federal petition despite the petitioner's complaints regarding a two-year delay in the preparation of his trial transcript for direct appeal. See Walker v. Thompson, CV 104-060, doc. no. 24, *adopted by* doc. no. 27 (S.D. Ga. Aug. 11, 2004), *cert.*

---

[4] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

*of appealability denied by* Walker v. Thompson, No. 04-14989-C (11th Cir. Dec. 22, 2004). To put the matter plainly, the Court prefers that the state courts have a first opportunity to address a petitioner's claims. Thus, the heart of the matter is whether the instant case presents such an "inordinate delay in the State post-conviction process" as to "render the state remedy ineffective to protect [Petitioner's] rights, thereby relieving him of the necessity for making further efforts to present his claims to the State courts." Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972)(*per curiam*).

In this instance, the Court must conclude that Petitioner's ongoing *nine-year* wait in getting a ruling on his motion for new trial constitutes such an inordinate delay as to render state corrective process essentially unavailable or, at the least, utterly ineffective. To illustrate, in Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978), the former Fifth Circuit held that a state court's "unexplained delay" in addressing a habeas petition, which caused the petition to lay "completely dormant for over a year," excused the petitioner's failure to exhaust. In the captioned case, Petitioner has suffered an unexplained delay over nine times that length, not in securing collateral review, but in obtaining his direct appeal as of right. Far from justifying this delay, Respondents have "offered [the Court] no reason for [the state courts'] stupor." Id.

The Court is aware of no case in which any federal court has required exhaustion after an unexplained delay of such staggering length in the appellate process.[5] Indeed, to

---

[5]Cf. Lee v. Stickman, 357 F.3d 338, 343-43 (3d Cir. 2004)(eight-year delay in resolving post-conviction motion put burden on the state to explain the delay and demonstrate why exhaustion should be required); Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir. 1994)(delay of over two years in adjudicating direct appeal gives rise to "presumption that the state process has become ineffective"); Hawkins v. Fulcomer, 941 F.2d 246, 252 (3d Cir. 1991)(holding that 11-year delay in ruling on Hawkins's post-conviction motion "cannot be attributed to Hawkins and excuses the

6

hold that the instant petition should be dismissed for failure to exhaust state remedies would "reduce[] the Great Writ to a sham and a mockery." Mucie v. Missouri Dep't of Corrections, 543 F.2d 633, 636 (8th Cir. 1976). Simply put, the stupendous delay Petitioner has suffered in this case is intolerable, and the Court will not tolerate it.

The Court is, of course, aware that the sheer passage of time, in and of itself, does not always serve to obviate the exhaustion rule. Notwithstanding a lengthy delay, the Court should not excuse a failure to exhaust where: 1) the delay is attributable to the petitioner, rather than the State, see, e.g., Sceifers v. Trigg, 46 F.3d 701, 703-04 (7th Cir. 1995); Deters v. Collins, 985 F.2d 789, 796 (5th Cir. 1993); Cook v. Florida Parole & Probation Com'n, 749 F.2d 678, 680 (11th Cir. 1985); or 2) the delay may be justified or excused because of the unique circumstances of the case, see, e.g., Cook, 749 F.2d at 680. Similarly, even after a long delay has passed, if it is clear that the state court has awakened to its duties and real progress toward disposition of the case is being made, the federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, No. 04-15683, 147 Fed. Appx. 959, 960 (11th Cir. Sept. 15, 2005)(*per curiam*)(unpublished).

However, once the petitioner has shown the existence of an inordinate delay, the burden falls upon the respondent to demonstrate that exhaustion should nevertheless be required, and this burden is "difficult to meet." Lee, 357 F.3d at 341 (quoting Story v. Kindt,

---

exhaustion requirement"); Coe v. Thurman, 922 F.2d 528, 531-33 (9th Cir. 1990)(four-year delay constituted violation of petitioner's due process rights); Mathis v. Hood, 851 F.2d 612, 614 (2d Cir. 1988)(finding six-year delay in ruling on petitioner's appeal to be "shocking" and "[f]inding that there is no state remedy available to petitioner and that even if such remedy existed, circumstances render the state corrective process ineffective"); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)(clearly erroneous to dismiss petition where state court had delayed for over three years in ruling on his post-conviction motion).

7

26 F.3d 402, 405 (3d Cir. 1994)). As noted, Respondents offer no explanation for the delay in Petitioner's post-conviction proceedings, and offer nothing beyond the conclusory allegation that the state courts are "alerted" to Petitioner's "plight" to suggest that any progress in Petitioner's case has been made or is immediately forthcoming. (Doc. no. 10, p. 6). Nor may the incomprehensible inactivity of appointed appellate counsel be properly attributed to Petitioner. See, e.g., Turner v. Bagley, 401 F.3d 718, 726 (6th Cir. 2005); Story, 26 F.3d at 405; Harris, 15 F.3d at 1562.

As the Seventh Circuit has aptly explained, "[w]hen a state handles his case in glacial fashion, a prisoner need not wait for global warming to set in." Burris v. Farley, 51 F.3d 655, 658 (7th Cir. 1995). In the instant case, Petitioner's state case has been at a standstill for more than nine years, despite the fact that Petitioner filed a petition for writ of habeas corpus in state court more than three years ago. Given these facts, it would be inappropriate to dismiss the petition or to stay proceedings with the vague hope that Petitioner's case will thaw. To put the matter bluntly, the Georgia courts have had ample opportunity to "mend their own fences." Petitioner has waited long enough.

**B.    Motion To Dismiss Respondent Baker**

That said, Respondents correctly argue that Respondent Baker should be dismissed. (Doc. no. 5, pp. 1-3). Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes

to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is currently incarcerated, Respondent Smith, his warden, is the proper party respondent. Accordingly, the motion to dismiss Respondent Baker as an improper party should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss Respondent Baker (doc. no. 4) be **GRANTED**, and that the motion to dismiss Petitioner's petition for failure to exhaust state court remedies (doc. no. 9) be **DENIED**.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

                                                    W. LEON BARFIELD
                                                    UNITED STATES MAGISTRATE JUDGE